FILED

2025 Jul-09 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| 601 SKYVIEW, LLC; NISSI MANAGEMENT, LLC; JOHN DAVID WINTON; VANNE POE; and KELLY POE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Admiral Insurance Company ("Admiral" or "Plaintiff") states the following complaint for declaratory judgment against Defendants 601 Skyview LLC ("601 Skyview"), Nissi Management LLC ("Nissi"), John David Winton ("Winton"), Vanne Poe and Kelly Poe (together, the "Parents") (collectively, "Defendants").

## Nature Of The Action

1.     This action arises out of claims for defense and indemnity submitted by Defendants 601 Skyview and Nissi under a policy of insurance issued by Admiral. Defendants 601 Skyview and Nissi are seeking defense and indemnity for claims arising from the wrongful death lawsuit styled *Vanne Poe, individually and as parent*

*of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe v. Nissi*

*Management LLC, 601 Skyview LLC, John David Winton, Esurance Property and*

*Casualty Insurance Co.,* Civil Action No. 58-CV-2025-900262, filed on March 20,

2025 in the Circuit Court of Shelby County, Alabama (the "Underlying Lawsuit").

A copy of the Complaint filed in the Underlying Lawsuit is attached as Exhibit A.

2.    This action is brought by Admiral for a declaration of the rights,

obligations, and liabilities of Admiral and the Defendants with respect to any and all

defense costs and damages asserted against Defendants and claimed under the policy

of insurance issued by Admiral. Specifically, this action seeks a declaration that

Admiral is not obligated to defend or indemnify Defendants 601 Skyview, Nissi, or

Winton under the Admiral policy for the claims asserted by the Parents in the

Underlying Lawsuit.

### Parties And Jurisdiction

3.    Plaintiff Admiral is a corporation organized under the laws of the State

of Delaware with its principal place of business in the State of Arizona. Admiral is,

therefore, a citizen of the States of Delaware and Arizona under 28 U.S.C. §

1332(c)(1).

4.    Upon information and belief, Defendant 601 Skyview is an Alabama

limited liability company with its principal place of business in Houston County,

Alabama, and whose members are citizens of the State of Alabama. 601 Skyview is, therefore, a citizen of the State of Alabama.

5.    Upon information and belief, Defendant Nissi is an Alabama limited liability company with its principal place of business in Jefferson County, Alabama, and whose members are citizens of the State of Alabama.  Nissi is, therefore, a citizen of the State of Alabama.

6.    Upon information and belief, Defendant Winton is over 19 years old and is an Alabama citizen, residing in Shelby County, Alabama.

7.    Upon information and belief, Defendants Vanne Poe and Kelly Poe are over 19 years old and Alabama citizens.

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interests and costs,  and the parties' citizenship is completely diverse.

9.    As more particularly described herein, an actual controversy exists within this Court's jurisdiction.

10.    Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(1) and (2), as Nissi and 601 Skyview operate businesses in this judicial district, Winton resides in this judicial district, events giving rise to this claim occurred in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district.

11.    Alabama follows the *lex loci contractus* rule in determining which state's law applies in to contract interpretation. *See, e.g.*, *James River Ins. Co. v. Ultratec Special Effects, Inc.,* 449 F. Supp. 3d 1157, 1165 (N.D. Ala. 2020) (*citing Cherokee Ins. Co., Inc. v. Sanches,* 975 So. 2d 287, 292 (Ala. 2007)). Thus, Alabama courts apply the substantive law of the state where the contract was formed, and insurance policies are formed in the state where the policy was delivered and/or issued. *Cherokee Ins. Co.,* 975 So. 2d at 292.

12.    The Admiral insurance policy at issue was issued in Birmingham, Alabama. Thus, Alabama law governs the rights and obligations created under the insurance policy issued to 601 Skyview by Admiral.

## **Factual Allegations**

13.    Kelly Poe, a plaintiff in the Underlying Lawsuit, and her 10-year-old daughter, Ember, were residents of the Glenn Apartments in Shelby County, Alabama. *See* Ex. A, at p. 3, ¶ 2.

14.    The Glenn Apartments are owned by 601 Skyview.  The property is managed by Nissi. *See* Ex. A, at p. 2, ¶ 4.

15.    Winton worked as a maintenance technician at the Glenn Apartments and lived on the property. *See* Ex. A, at p. 4, ¶4.

16.    On November 5, 2024, at approximately 5:15 p.m., Ember Poe was riding a scooter on Spring Creek Road (County Road 12) in Montevallo, Alabama. *See* Ex. A, at p. 5, ¶ 2.

17.    Defendant Winton, driving his personal vehicle, struck and seriously injured Ember. She died several days later in the hospital. *See* Ex. A, at pp. 5-6, ¶¶ 13-16.

### The Underlying Lawsuit

18.    On March 20, 2025, Vanne Poe and Kelly Poe, as Ember Poe's parents, filed their complaint in the Underlying Lawsuit (the "Complaint"). *See* Ex. A.

19.    The Complaint alleges the following facts:

- Winton was employed by 601 Skyview and/or Nissi;

- Unless he was on vacation out of town, Winton was considered "on duty" 24 hours a day, seven days a week;

- Winton's employer required Winton to use his personal vehicle as a mobile office, to run errands, and to respond to maintenance calls for the Glenn Apartments and/or other properties owned or managed by 601 Skyview or Nissi; and

- Winton was acting within the scope of his employment at the time of the accident.

*See* Ex. A, at pp. 4-5, ¶¶ 4-9, 13.

20.    The Complaint asserts claims of Negligence/Wantonness, Negligent and/or Wanton Hiring, Training, Supervision and Retention, Respondeat Superior, and Wrongful Death against 601 Skyview and Nissi, and Negligence/Wantonness

and Wrongful Death against Winton. Plaintiffs demand compensatory and punitive damages, attorney's fees, and all other remedies deemed proper by the court. *See generally* Ex. A.

## The Admiral Policy

21.     Admiral issued Commercial Lines Policy No. CA000054345-01 on an "occurrence" basis to named insured 601 Skyview, with a policy period of September 1, 2024 through September 1, 2025 (the "Admiral Policy" or the "Policy"). A copy of the Admiral Policy is attached as Exhibit B.

22.     The Admiral Policy contains a Commercial General Liability Coverage Form providing liability coverage that, in general, covers third-party claims for "bodily injury" and "property damage" caused by an "occurrence" during the policy period that are not otherwise excluded by Policy endorsements or exclusions. *See* Ex. B, at p. 10.

23.     The CGL coverage includes a $1,000,000 each occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products/completed operations aggregate limit. Ex. B, at p. 5.

24.     Coverage is based on the terms and conditions of the Admiral Policy.

## Who is an Insured?

25.     In the introductory paragraphs of the CGL coverage form, the Policy provides:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

· · ·

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Ex. B, at p. 10.

26.    The Policy also contains the following provision outlining "who is an insured:"

**SECTION II – WHO IS AN INSURED**

· · ·

**2.**    Each of the following is also an insured:

**a.**    Your . . ."employees", . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …

**b.**    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

Ex. B, at p. 18.

27.    The Policy contains Named Insured Endorsement AD 07 85 11 22, which designates 601 Skyview LLC as a Named Insured under the Policy. *See* Ex. B, at p. 49.

28.    As acting real estate manager for 601 Skyview, Nissi qualifies as an "insured" under the Policy while acting in this capacity in accordance with Section II.2.b. quoted above.

29.    To the extent Winton is an employee of 601 Skyview, he would be an "insured" for "acts within the scope of [his] employment by [601 Skyview] or while performing duties related to the conduct of [601 Skyview's] business" in accordance with Section II.2.b. of the Policy.

30.    By letter dated May 6, 2025, Admiral advised 601 Skyview that it would provide a defense to 601 Skyview against the claims in the Underlying Lawsuit pursuant to a reservation of rights.  In its letter, Admiral also advised 601 Skyview that significant coverage issues existed. The reservation of rights letter specifically referenced the coverage issues presented by the "auto" exclusion and Policy Endorsement AD 69 13 08 23, the Limitation of Coverage to Designated Premises Endorsement. A copy of the reservation of rights letter is attached as Exhibit C.

31.    In letters dated May 6, 2025, Admiral disclaimed any coverage obligations to Nissi and Winton based upon the "auto" exclusion of the Policy. The disclaimer letters also referenced the coverage issues presented by Policy Endorsement AD 69 13 08 23, the Limitation of Coverage to Designated Premises Endorsement. Copies of the disclaimer letters are attached as Exhibit D.

32.    On or around May 7, 2025[1] Nissi's insurer, Hiscox, responded to Admiral's disclaimer letter sent to Nissi, and counsel for Hiscox issued a followup

---

[1]  The Hiscox letter was mistakenly dated March 20, 2025.

letter on May 30, 2025 (collectively, the "Hiscox Letters"). These letters are attached

hereto as Exhibit E.

33.    The Hiscox Letters requested that Admiral consider the following

extrinsic facts in its evaluation of coverage:

- Winton was not an employee of Nissi, he was an independent contractor;
- Winton was paid when work was completed by his company;
- Winton rented his own apartment at Glenn Apartments;
- Winton was not required to use his personal vehicle as a "mobile office;"
- It was Winton's choice how he completed his work and the equipment he used, as he was an independent contractor;
- On the date of the accident, Winton was driving to cast his vote in an election;
- Winton did not provide any services to the apartments from November 3, 2024 until November 8, 2024.

*See* Exh. E, at pp. 1, 4.

34.    On June 2, 2025, Admiral responded to the Hiscox Letters through

counsel, reiterating its earlier opinion that no coverage exists under the facts alleged

in the Complaint, and advising that, if the extrinsic facts are considered, no coverage

would exist for Nissi by application of Endorsement AD 69 13 08 23, the "Limitation

of Coverage to Designated Premises Endorsement." Admiral's response is attached

as Exhibit F.

35.    If true, these same extrinsic facts would also remove coverage for 601 Skyview based on the application of Endorsement AD 69 13 08 23, the "Limitation of Coverage to Designated Premises Endorsement."

**Pertinent Policy Provisions and Definitions**

36.    The Coverage A insuring agreement of the Admiral Policy provides, in pertinent part:[2]

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under

---

[2] In addition to the cited Coverage A insuring agreement, the Policy also contains Coverage B and C insuring agreements. Coverage B provides coverage for those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury "caused by an offense arising out of your business but only if the offense was committed in the "coverage territory," during the policy period. Coverage C provides payment for Medical Payments. There are no current allegations involving "personal and advertising injury" or medical expenses. Moreover, the Policy's Declaration page shows that coverage for Medical Expense is excluded.

> > Coverages **A** or **B** or medical expenses under Coverage **C**.
> >
> > No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
>
> > **b.** This insurance applies to "bodily injury" and "property damage" only if:
> >
> > > **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> > >
> > > **(2)** The "bodily injury" or "property damage" occurs during the policy period …

Ex. B, at p. 10.

37.   The Policy contains the following definition of "occurrence:"

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Ex. B, at p. 23.

38.   The Policy contains an endorsement (AD 08 42 02 16) that redefines "bodily injury" as: "physical injury, physical sickness or physical disease sustained by any one person, including death resulting from any of these at any time. 'Bodily injury' does not include shock or emotional, mental or psychological distress, injury, trauma or anguish, or other similar condition, unless such condition results solely and directly from that one person's prior physical injury, physical sickness or physical disease otherwise covered under this insurance." *See* Ex. B, at p. 50.

39.   The Policy contains Endorsement AD 69 13 08 23, the "Limitation of Coverage to Designated Premises Endorsement," which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This insurance applies only to:

1.    "Bodily injury", "property damage" and medical expenses for "bodily injury" caused by an "occurrence" that takes place in its entirety at the premises shown in the Schedule;

2.    "Personal and advertising injury" caused by an offense arising out of your business and committed at the premises shown in the Schedule; and

3.    "Bodily injury", "property damage", "personal and advertising injury" and medical expenses for "bodily injury" caused by "business activities" conducted by you.

"Business activities" means:

1.    Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of operating or maintaining the designated premises; and

2.    Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of evaluating other premises for acquisition or for addition to your ownership or management portfolio.

"Business activities" does not include business conventions, special events, sponsored events, sporting events, company picnics, fundraisers, or similar events or activities, unless specifically shown in the Schedule.

Ex. B, at pp. 66-67.

40.    The referenced Schedule designates the property at 601 Skyview Drive,

Montevallo, Alabama – the Glenn Apartments – as a designated premises. *Id.*

41.    The Policy contains a standard ISO "auto" exclusion, exclusion 2.g., that has been replaced by the following language contained in endorsement CG 24 50 06 15, entitled "LIMITED COVERAGE FOR DESIGNATED UNMANNED AIRCRAFT," and which provides:

> 2.    This insurance does not apply to:
>
> . . .
>
> **(2)    Aircraft (Other Than Unmanned Aircraft), Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This paragraph **g.(2)** applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

Ex. B, at p. 37.

42.    The Policy contains Endorsement AD 66 76 04/10, the "Hired Auto and Non-Owned Auto Liability Endorsement," which provides a sub-limit of $1,000,000

each occurrence, $2,000,000 aggregate for non-owned auto liability, and modifies

the CGL coverage as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **HIRED AUTO AND NON-OWNED AUTO LIABILITY**
>
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> . . .
>
> B.    NON-OWNED AUTO LIABILITY
>
> > The insurance provided under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages) applies to "bodily injury" or "property damage" arising out of the use of a "non-owned auto" by any person other than you in the course of your business.
>
> C.    With respect to the insurance provided by this endorsement:
>
> > 1.    Subparagraphs b., c., e., g., h., j., k., l., m. and n. of paragraph 2., Exclusions of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages) do not apply
> >
> > . . .
>
> D.    For the purposes of this endorsement only, WHO IS AN INSURED (Section II) is replaced by the following:
> Each of the following is an insured under this insurance to the extent set forth below:
>
> > 1.    You.
> > 2.    Any other person using a "hired auto" with your permission.
> > 3.    With respect to a "non-owned auto", any partner or "executive officer" of yours, but only while such "non-owned auto" is being used in your business.

4.    Any other person or organization, but only with respect to their liability because of acts or omissions of an insured under paragraphs 1., 2. or 3. above.

. . .

F.    For the purposes of this endorsement only, the following definitions are added to the DEFINITIONS Section:

. . .

3.    "Non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos" owned by your "employees", your partners or your "executive officers", or members of their households, but only while used in your business or your personal affairs.

G.    With respect to the insurance provided by this endorsement only, our right and duty to defend ends when we have used up the applicable sub-limit of insurance in the payment of judgments or settlements or Supplementary Payments under the insurance provided by this endorsement.

Ex. B, at pp. 75-77.

## COUNT I – DECLARATORY JUDGMENT
### (Limitation of Coverage to Designated Premises Endorsement)

43.    Admiral adopts and incorporates the allegations contained in paragraphs 1-42 as if fully set forth herein.

44.    The Policy contains Endorsement AD 69 13 08 23, the "Limitation of Coverage to Designated Premises" endorsement, which limits the coverage afforded by the Policy to "bodily injury" caused either by an "occurrence" that takes place

"in its entirety at the premises shown in the Schedule" or by "business activities" conducted by 601 Skyview. *See* Ex. B, at pp. 66-67.

45.    The property at 601 Skyview Drive, Montevallo, Alabama – the Glenn Apartments – is scheduled in the Policy as a designated premises. *Id.* at p. 66.

46.    The accident occurred on Spring Creek Road (County Road 12), thus the "occurrence" did not take place "in its entirety at the premises."

47.    The Policy defines "business activities" to include activities away from the premises "for the *sole purpose* of operating or maintaining the designated premises." *Id.*

48.    There is no allegation in the Complaint that Winton's travel at the time of the accident was for the sole purpose of operating or maintaining the Glenn Apartments.  The Complaint merely asserts that Winton was "on duty" at all times, his personal vehicle was his "mobile office," and that he was "acting within the scope of his employment" at the time of the accident.

49.    Defendant Nissi, through Hiscox, has asserted not only that Winton was an independent contractor, but that he was on his way to vote at the time of the accident.

50.    Based on the extrinsic facts surrounding the accident, Winton was not driving "for the sole purpose of operating or maintaining the designated premises" at the time of the accident.

51.     Based on the extrinsic facts surrounding the accident, there is no coverage for the Parents claims based on the "Limitation of Coverage to Designated Premises Endorsement" of the Admiral Policy.

52.     A justiciable controversy exists relative to the rights and obligations of the parties with regard to the "Limitation of Coverage to Designated Premises Endorsement" of the Admiral Policy.

WHEREFORE, Admiral respectfully requests the Court to award any relief authorized by law and enter judgment declaring that the claims asserted against the Defendants do not trigger the coverage requirements of the Admiral Policy, as limited by Endorsement AD 69 13 08 23, the "Limitation of Coverage to Designated Premises Endorsement," and that Admiral owes no coverage obligation of defense or indemnity to the Defendants with regard to such claims.

## COUNT II – DECLARATORY JUDGMENT
### ("Auto" Exclusion/"Non-Owned Auto Liability" Endorsement)

53.     Admiral adopts and incorporates the allegations contained in paragraphs 1-52 as if fully set forth herein.

54.     The Policy contains Endorsement CG 24 50 06/15, which modifies the standard ISO form exclusion 2.g., the "auto" exclusion, and excludes damages for "bodily injury" arising out of the use of an "auto" owned or operated by any insured. *See* Ex. B, at p. 37.

55.    As outlined above, to the extent Winton is an employee of 601 Skyview, he is an "insured" for "acts within the scope of [his] employment by [601 Skyview] or while performing duties related to the conduct of [601 Skyview's] business" in accordance with Section II.2.b. of the Policy.

56.    The claims of the Underlying Lawsuit allege the accident arose from the use of an "auto" owned or operated by Winton.

57.    The Policy also includes Endorsement AD 66 76 04/10, the "Hired Auto and Non-Owned Auto Liability Endorsement," which provides a sub-limit of $1,000,000 each occurrence, $2,000,000 aggregate for non-owned auto liability. *See* Ex. B, at pp. 75-77.

58.    The "hired auto and non-owned auto liability" endorsement has restrictions on "who is an insured" for purposes of the coverage granted by the endorsement.  This includes 601 Skyview, as well as partners and executive officers of 601 Skyview, while the "non-owned auto" is used in 601 Skyview's business.

59.    The Policy defines "non-owned auto" as any "auto" not owned by 601 Skyview, which is used in connection with 601 Skyview's business. *Id.* at p. 76.

60.    Neither Nissi nor Winton qualifies as an "insured" for the coverage afforded by the "hired auto and non-owned auto liability" endorsement.

61.    A justiciable dispute exists as to whether Winton's "auto" was being used in connection with 601 Skyview's business at the time of the accident.

62.     A justiciable controversy exists relative to the rights and obligations of the parties with regard to the "auto" exclusion and the additional coverage grant of the "hired auto and non-owned auto liability" endorsement of the Admiral Policy.

WHEREFORE, Admiral respectfully requests the Court enter judgment declaring that claims asserted against Defendants in the Underlying Lawsuit are excluded by the Policy's "auto" exclusion, and that Admiral owes no coverage obligation of defense and indemnity to 601 Skyview with regard to such claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks for the following relief:

A.     A declaration that Admiral is absolved of any coverage obligations for the claims asserted against Defendants in the Underlying Lawsuit, in accordance with the limitation of coverage provided in the "Limitation of Coverage to Designated Premises" endorsement; and/or

B.     A declaration that Admiral is absolved of any coverage obligations for claims asserted against Defendants in the Underlying Lawsuit based on the Policy's "auto" endorsement; and

C.     A declaration that Admiral is absolved of any coverage obligations for claims asserted against Defendants in the Underlying Lawsuit under the additional coverage afforded by the "hired auto and non-owned auto liability" endorsement of the Admiral Policy; and

19

D.    An order granting such other, further, or different relief to which Admiral is entitled.

Respectfully submitted,

One of the Attorneys for Plaintiff
Admiral Insurance Company

R. Bruce Barze, Jr.
(ASB-8163-R71R)
Margaret S. Kubiszyn
(ASB-3009-N68M)
BARZE TAYLOR NOLES LOWTHER LLC
Lakeshore Park Plaza
2204 Lakeshore Drive, Suite 425
Birmingham, AL  35209
(205) 872-1032
bbarze@btnllaw.com
mkubiszyn@btnllaw.com

**<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:</u>**

601 Skyview LLC
c/o Registered Agents, Inc.
212 W. Troy Street, Suite B
Dothan, AL 36303

Nissi Management, LLC
c/o Brian Tucker
1678 Montgomery Highway 104134
Birmingham, AL 35216

John David Winton
401 Skyview Drive
Montevallo, Alabama 35115

Vanne Poe
101 Matthews Drive
Jasper, AL 35503

Kelly Poe
507 Skyview Drive
Montevallo, AL 35115