# EXHIBIT A

# Underlying Complaint

DOCUMENT 2
Case 2:25-cv-01099-SGC   Document 1-1   Filed 07/09/25   Page 2 of 12

ELECTRONICALLY FILED
3/20/2025 3:20 PM
58-CV-2025-900262.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

# IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| **VANNE POE**, individually and as Parent and Next Friend of **EMBER POE**, a deceased minor; and **KELLY POE**, individually and as Parent and Next Friend of **EMBER POE**, a deceased minor;<br><br>    Plaintiff,<br><br>v.<br><br>**NISSI MANAGEMENT LLC**, a domestic limited liability company; **601 SKYVIEW LLC**, a domestic limited liability company; **JOHN DAVID WINTON**, an individual; **ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY**, a foreign insurance corporation; **FICTITIOUS DEFENDANTS 1–5** whether singular or plural, are those persons, corporations or entities that owned and/or had control over the premises known as the Glenn Apartments in Shelby County, Alabama and who are otherwise unknown to Plaintiffs at this time, but whose true and correct names will be substituted by amendment when ascertained; and **FICTITIOUS DEFENDANTS 6–10** whether singular or plural, are those persons, corporations, or entities whose wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit and who are otherwise unknown to Plaintiffs at this time but whose true and correct names will be substituted by amendment when ascertained,<br><br>    Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

## Statement of the Parties

1. Plaintiff **VANNE POE** (hereinafter "Plaintiff Father"), individually and as Parent and Next Friend of Ember Poe, a deceased minor is over the age of nineteen (19) years and is a resident of the State of Alabama.

2. Plaintiff **KELLY POE** (hereinafter "Plaintiff Mother"), individually and as Parent and Next Friend of Ember Poe, a deceased minor, is over the age of nineteen (19) years and is a resident of Shelby County, Alabama.

3. Defendant **NISSI MANAGEMENT, LLC** (hereinafter referred to as "Defendant Nissi") is a Domestic Limited Liability Company with its principal place of business located in the State of Alabama. At all times relevant and material to this Complaint, Defendant Nissi was the Property Manager for the Glenn Apartments in Shelby County, Alabama.

4. Defendant **601 SKYVIEW LLC** (hereinafter referred to as "Defendant Skyview" is a Domestic Limited Liability Company with its principal place of business located in the State of Alabama. At all times relevant and material to this Complaint, Defendant Skyview was the owner of the Glenn Apartments in Shelby County, Alabama.

5. Defendant **JOHN DAVID WINTON** (hereinafter referred to as "Defendant Winton") is over the age of nineteen (19) years and is a resident of Shelby County, Alabama. At all times relevant and material to this Complaint, Defendant Winton was employed by Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 as a Maintenance Technician for the Glenn Apartments in Shelby County, Alabama.

6. Defendant **ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY** (hereinafter "Defendant" and/or "Esurance") is a foreign insurance corporation

2

organized and incorporated in the State of California, with its principal place of business in San Francisco, California, and doing business by agent in the State of Alabama.

7. **FICTITIOUS DEFENDANTS 1–5** whether singular or plural, are those persons, corporations or entities that owned and/or had control over the premises known as the Glenn Apartments in Shelby County, Alabama and who are otherwise unknown to Plaintiffs at this time, but whose true and correct names will be substituted by amendment when ascertained.

8. **FICTITIOUS DEFENDANTS 6–10** whether singular or plural, are those persons, corporations, or entities whose wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit and who are otherwise unknown to Plaintiffs at this time but whose true and correct names will be substituted by amendment when ascertained.

9. The term "Defendants" is made to refer to all real and fictitious Defendants described in the style of this Complaint.

10. The injuries and death of Ember Poe occurred in Shelby County, Alabama and thus, venue is proper in Shelby County, Alabama.

## Statement of the Facts

1. At all times relevant and material to this Complaint, Plaintiff Mother and Plaintiff Father were divorced but shared joint legal and physical custody of Decedent Poe.

2. At all times relevant and material to this Complaint, Plaintiff Mother and her 10-year-old daughter, Ember Poe (hereinafter "Decedent Ember") were residents of the Glenn Apartments in Shelby County, Alabama.

3. Defendant Esurance issued a policy of uninsured/underinsured motorist ("UM/UIM") benefits coverage to Plaintiff Father. The policy number PAAL-005669846 was in full force and effect on the date of the collision made the basis of this Complaint. At all times, Plaintiff Father complied with his contractual obligations under the policy of insurance including,

3

but not limited to, requesting payment under the UM/UIM provision. Defendant Esurance has refused to pay the claims.

4. At all times relevant and material to this Complaint, Defendant Winton was employed by Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 as a Maintenance Technician for the Glenn Apartments in Shelby County, Alabama.

5. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 employed Defendant Winton without performing an adequate background check and without properly monitoring, training, and/or supervising Defendant Winton in performance of his duties as a Maintenance Technician, which created a danger for residents of the Glenn Apartments and for anyone within the vicinity thereof as Defendant Winton would be travelling to, from, and across the Glenn Apartments property and/or other properties of the Defendants.

6. As part of his compensation for employment, Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 allowed Defendant Winton to reside at the Glenn Apartments.

7. Unless Defendant Winton was on vacation out-of-town, he was considered on duty 24 hours a day and seven (7) days a week as Maintenance Technician acting within the line and scope of his duties as agent, employee, and/or servant of Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5.

8. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 required Defendant Winton to use his 2006 Toyota Tundra (the "Subject Vehicle") as a mobile office, to run errands, to store materials, and/or to respond to calls for maintenance work at the Glenn Apartments and/or other properties of the Defendants.

9. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 derived a benefit from (a) Defendant Winton always being on duty and residing on the premises as

4

Defendant Winton; and (b) requiring Defendant Winton to use the Subject Vehicle for his employment tasks because Defendant Winton was able to respond faster than an employee who was not on-duty 24/7 or was without immediate transportation to store materials and respond to calls.

10. Upon information and belief, Defendant Winton had a history of drug use and was visibly high on a routine basis which the Defendants were aware of, but Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 continued to employ Defendant Winton and to allow him to reside at the Glenn Apartments.

11. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 failed to monitor, train, and/or supervise Defendant Winton in performance of his duties as agent, employee, and/or servant of Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5, including but not limited to, on November 5, 2024.

12. On November 5, 2024, at approximately 5:15 p.m., Decedent Ember was riding a scooter on County Road 12 traveling south alongside the Glenn Apartments.

13. On the same date and time, Defendant Winton, while and acting within the line and scope of his duties as agent, employee, and/or servant of Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5, was traveling south on County Road 12 at approximately 50 MPH. At all material times, the posted speed limit was 35 MPH.

14. Defendant Winton, while traveling above the posted speed limit, struck and fatally injured Decedent Ember.

15. Defendant Winton was also under the influence of illegal narcotics at the time of the collision and law enforcement found cocaine and drug paraphernalia in the Subject Vehicle at the scene.

5

16. Decedent Ember succumbed to her injuries and died on or about November 13, 2024.

17. Defendant Winton, Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants acted negligently and/or wantonly when they caused or contributed to cause the death of Decedent Ember.

## COUNT ONE
### (Negligence and/or Wantonness as to Defendant Winton)

18. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

19. Defendant Winton had a duty to operate and maintain control of the Subject Vehicle while sober and within the posted speed limit in such a way so as not to injure pedestrians such as Decedent Ember.

20. Defendant Winton was intoxicated at the time of the collision.

21. Defendant Winton did not keep a proper look out or maintain the Subject Vehicle at a proper speed and allowed it to collide with Decedent Ember.

22. As a proximate result of Defendant Winton's actions, which amount to negligence and/or wantonness, Decedent Ember died.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendants separately and severally, in such amount which will adequately reflect the enormity of the Defendants' wrong in causing the death of Decedent Poe, the ease with which the death could have been prevented, and which will effectively prevent similarly caused deaths in the future.

## COUNT TWO
### (Negligence/Wantonness and Negligent and/or Wanton Hiring, Training, Supervision and Retention as to Defendant Nissi, Defendant Skyview, and Fictitious Defendants 1–5)

23. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

6

24. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5, negligently and/or wantonly, hired, trained, retained, failed to supervise, and retained Winton.

25. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 had or should have had knowledge of Winton's use of drugs.

26. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 had a duty to properly hire, train, supervise, and monitor Winton.

27. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 breached this duty and continued to employ Winton and allow him to live at the apartment complex even though it is upon information and belief that his routine drug use was known and obvious.

28. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 had a duty to not put others at risk of harm. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 breached this duty by creating an environment and location for Winton and his vehicle to harm others within and outside the apartment complex, including Decedent Ember.

29. As a proximate result of the wrongful acts of Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5, Decedent Ember died.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendants separately and severally, in such amount which will adequately reflect the enormity of the Defendants' wrong in causing the death of Decedent Poe, the ease with which the death could have been prevented, and which will effectively prevent similarly caused deaths in the future.

### COUNT THREE
**(Respondeat Superior)**

30. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

31. At all times hereto, Winton was in the line and scope of his employment with Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5.

7

32. At all times hereto, Winton and the vehicle he was driving provided a benefit to Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5.

33. Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5 are vicariously liable to the Plaintiffs under the doctrine of respondeat superior for the acts or omissions of Winton.

34. As a proximate result of the actions and/or inactions of Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants 1–5, Decedent Ember died.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendants separately and severally, in such amount which will adequately reflect the enormity of the Defendants' wrong in causing the death of Decedent Poe, the ease with which the death could have been prevented, and which will effectively prevent similarly caused deaths in the future.

## COUNT FOUR
### (Negligence and/or Wantonness as to Fictitious Defendants 6–10)

35. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

36. Fictitious Defendants 6–10 are those individuals and/or entities specifically enumerated in the caption above whose negligence, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit.

37. As a proximate result of the negligent and/or wanton actions of Fictitious Defendants 6–10, Decedent Ember died.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendants separately and severally, in such amount which will adequately reflect the enormity of the Defendants' wrong in causing the death of Decedent Poe, the ease with which the death could have been prevented, and which will effectively prevent similarly caused deaths in the future.

## COUNT FIVE
### (Wrongful Death)

38.   Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

39.   Plaintiffs bring this claim pursuant to Alabama's Wrongful Death Act, Ala. Code (1975) § 6-5-410 against all named and fictitious defendants.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendants separately and severally, in such amount which will adequately reflect the enormity of the Defendants' wrong in causing the death of Decedent Poe, the ease with which the death could have been prevented, and which will effectively prevent similarly caused deaths in the future.

## COUNT SIX
### (Combined and Concurring Conduct)

40.   Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

41.   The tortuous conduct of all named Defendants and Fictitious Defendants combined and concurred to cause the death of Decedent Ember.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendants separately and severally, in such amount which will adequately reflect the enormity of the Defendants' wrong in causing the death of Decedent Poe, the ease with which the death could have been prevented, and which will effectively prevent similarly caused deaths in the future.

## COUNT SEVEN
### (Uninsured/Underinsured Motorist Coverage)

42.   Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

43.   The collision made the basis of this Complaint was caused by the negligence and/or wantonness of Defendant Winton, Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants.

44. Plaintiff Father had a policy of insurance, policy number PAAL-005669846, with Defendant Esurance which provided for uninsured/underinsured motorist benefits to Plaintiff Father and his minor child, Decedent Poe.

45. Plaintiff Father has complied with all conditions of the contract, but Defendant Esurance has failed to comply with the conditions of the contract.

46. The negligence and/or wantonness of Defendant Winton, Defendant Nissi, Defendant Skyview, and/or Fictitious Defendants formed the proximate cause of the injuries specified above.

47. Plaintiff Father is entitled to receive underinsured motorist benefits and/or uninsured motorist's benefits from Defendant Esurance.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendants separately and severally, in such amount of compensatory and punitive damages as a court deems proper, attorney's fees, costs, and such other, more general and equitable relief as is deemed proper by the Court.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

**RESPECTFULLY** submitted this 20th day of March, 2025.

/s/ *Michael G. Strickland*
One of the Attorneys for Plaintiffs

**OF COUNSEL:**

Judson B. Allen, Esq.
Laird, Robertson & Allen, P.C.
341 19th Street W.
P.O. Box 498
Jasper, AL 35502-0498
(205) 221-5601
jba@lralawyers.com

Michael G. Strickland (STR032)
Strickland & Kendall, L.L.C.
2740 Zelda Road, Suite 400
P.O. Box 99 (36101)
Montgomery, AL 36106
(334) 269-3230
(334) 269-3239 fax
mgs@jurytrial.us
service@jurytrial.us

10

**DEFENDANTS TO BE SERVED:**

**NISSI MANAGEMENT LLC**
c/o Brian T. Tucker, Registered Agent
220 Polo Field Way
Chelsea, AL 35043

**601 SKYVIEW LLC**
c/o Registered Agents, Inc.
212 W. Troy Street, Suite B
Dothan, AL 36303

**JOHN DAVID WINTON**
401 Skyview Drive
Montevallo, AL 35115

**ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY**
c/o CT Corporation System, Registered Agent
2 North Jackson Street, Suite 605
Montgomery, AL 36104

11