# EXHIBIT D

# Disclaimer Letters



232 Strawbridge Drive, Suite 300
Moorestown, NJ 08057
Phone: (856) 429-9200
Fax: (856) 429-3630

May 6, 2025

**<u>Via Electronic, U.S. & Certified Mail (RRR)</u>**
Nissi Management, LLC
Attention: Mr. Brian Tucker
Attention: Mr. Johnny Goodwin
220 Polo Field Way
Chelsea, AL 35043
tucker@nissimanagement.com
johnny@nissimanagement.com

> Re: *Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe v. Nissi Management LLC, 601 Skyview LLC, John David Winton, Esurance Property and Casualty Insurance Co.*, Civil Action No. 58-cv-2025-900262, filed 3/20/2025 in the Circuit Court of Shelby County, Alabama
>
> | | |
> |---|---|
> | Claim No.: | A000000049870 |
> | Policy No.: | CA000054345-01 (eff: 09/01/2024 to 09/01/2025) |
> | Carrier: | Admiral Insurance Group |
> | Insured : | Astra Equity, LLC |
> | Claimant(s): | Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe |
> | Date of Loss: | November 5, 2024 |

Dear Messrs. Tucker and Goodwin:

Admiral Insurance Company ("Admiral") acknowledges receipt of the above-referenced claim and lawsuit (the "Lawsuit") submitted under Policy No. CA000054345-01, issued to Admiral's named insured, Astra Equity, LLC. Based on our review, no coverage is available to Nissi Management, LLC ("Nissi") for the claims in the Lawsuit under the Admiral Policy.

If, after your review of this letter, you have questions or concerns, or if you believe there is additional information Admiral should consider, please contact me to discuss.

## **<u>DISCLAIMER – NO COVERAGE IS AVAILABLE</u>**

### **FACTUAL BACKGROUND AND ALLEGATIONS**

For coverage purposes, we consider facts as alleged in the Lawsuit. We make no representations as to the veracity of these facts, and understand that some facts may be disputed by Nissi.

Plaintiff Kelly Poe and her 10-year-old daughter, Ember, were residents of the Glenn Apartments in Shelby County, Alabama. The Glenn Apartments are owned by 601 Skyview, and the property is managed by Nissi.

Nissi Management, LLC
A000000049870
May 6, 2025
Page 2 of 6

Winton was employed by either Nissi or 601 Skyview, and resided at the Glenn Apartments. Unless he was on vacation or out of town, Winton was considered "on duty" as a maintenance technician 24 hours a day, seven days a week. Winton's employer required Winton to use his 2006 Toyota Tundra (the "Subject Vehicle") as a mobile office, to run errands, and to respond to maintenance calls for the Glenn Apartments or other properties of the Defendants.

On November 5, 2024, at approximately 5:15 p.m., Ember Poe was riding a scooter on County Road 12 near the Glenn Apartments. Winton, driving the Subject Vehicle, struck and seriously injured Ember. She died several days later in the hospital. Winton was under the influence of narcotics at the time of the accident, and law enforcement found cocaine and drug paraphernalia in his car. Winton has been charged with felony reckless manslaughter.

On March 20, 2025, Plaintiffs filed their complaint in the Lawsuit (the "Complaint"), alleging Winton was "acting within the line and scope of his duties as agent, employee, and/or servant" of 601 Skyview or Nissi at the time of the accident. Plaintiffs assert claims of Negligence/Wantonness, Negligent and/or Wanton Hiring, Training, Supervision and Retention, Respondeat Superior, and Wrongful Death against 601 Skyview. Plaintiffs demand compensatory and punitive damages, attorney's fees, and all other remedies deemed proper by the court.

## EXPLANATION OF COVERAGE ISSUES

Admiral Insurance Company issued commercial lines Policy No. CA000054345-01 on an "occurrence" basis to named insured Astra Equity, LLC, with a policy period of September 1, 2024 through September 1, 2025 (the "Admiral Policy" or the "Policy"). The Policy includes commercial general liability ("CGL") coverage with a $1,000,000 each occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products/completed operations aggregate limit, and a $5,000 deductible.

The Policy was issued to named insured Astra Equity, LLC, but contains Named Insured Endorsement AD 07 85 11/22, which also designates 601 Skyview LLC as a named insured under the Policy. Nissi is an insured under the Commercial General Liability coverage form under section II.2.b. while acting as 601 Skyview's real estate manager.

The Admiral COMMERCIAL GENERAL LIABILITY COVERAGE FORM (CG001 0413) and applicable endorsements contain certain exclusions and conditions of coverage. First, we refer you to the Insuring Agreement, which states:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

Nissi Management, LLC
A000000049870
May 6, 2025
Page 3 of 6

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period

***

The Policy contains endorsements and exclusions which restrict or remove coverages. Most notably, Endorsement AD 69 13 08 23, the Limitation of Coverage to Designated Premises Endorsement, Provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES**

This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

**Premises:**

| |
|---|
| 124 Dabbs Ave Hueytown AL 35023 |
| 3058 N Bethel Road Priceville AL 35603 |
| 5680 Main St. Millbrook AL 36054 |
| 400 Arkadelphis Rd Hanceville AL 35077 |
| 632 23rd St Tuscaloosa AL 35401 |
| 3267 Warringwood Drive Hoover AL 35216 |
| 600 Edmonson Rd Hanceville AL 35077 |
| 106 Birch St Millbrook AL 36054 |
| 601 Skyview Drive Montevallo AL 35115 |
| 7426 Frisco Ave Leeds AL 35094 |
| 2612 Niazuma Ave S Birmingham AL 35205 |
| 2042 High School Rd Hueytown AL 35023 |
| 101 Jones Ave Hueytown AL 35023 |
| 3252 Allison-Bonnett Memorial Dr Hueytown AL 35023 |
| 2700 W Main St Tupelo MS 38801 |

**Business Activities:**

| |
|---|
| |

This insurance applies only to:

  **1.** "Bodily injury", "property damage" and medical expenses for "bodily injury" caused by an "occurrence" that takes place in its entirety at the premises shown in the Schedule;

Nissi Management, LLC
A000000049870
May 6, 2025
Page 4 of 6

    **2.** "Personal and advertising injury" caused by an offense arising out of your business and committed at the premises shown in the Schedule; and

    **3.** "Bodily injury", "property damage", "personal and advertising injury" and medical expenses for "bodily injury" caused by "business activities" conducted by you.

"Business activities" means:

    **1.** Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of operating or maintaining the designated premises; and

    **2.** Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of evaluating other premises for acquisition or for addition to your ownership or management portfolio.

"Business activities" does not include business conventions, special events, sponsored events, sporting events, company picnics, fundraisers, or similar events or activities, unless specifically shown in the Schedule.

The Schedule designates the property at 601 Skyview Drive, Montevallo, Alabama – the Glenn Apartments – as a designated premises.

The Policy also contains the following "auto" exclusion:

    **2. Exclusions**

    This insurance does not apply to:

    . . .

    **g. Aircraft, Auto Or Watercraft**

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured…

The Policy contains Endorsement AD 66 76 04/10, the Hired Auto and Non-Owned Auto Liability Endorsement, which provides an additional sub-limit of $1,000,000 each occurrence, $2,000,000 aggregate for non-owned auto liability, modifies the CGL coverage as follows:

    **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

    **HIRED AUTO AND NON-OWNED AUTO LIABILITY**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

. . .

Nissi Management, LLC
A000000049870
May 6, 2025
Page 5 of 6

**B.** NON-OWNED AUTO LIABILITY

The insurance provided under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** - Coverages) applies to "bodily injury" or "property damage" arising out of the use of a "non-owned auto" by any person other than you in the course of your business.

**C.** With respect to the insurance provided by this endorsement:

   **1.** Subparagraphs **b.**, **c.**, **e.**, **g.**, **h.**, **j.**, **k.**, **l.**, **m.** and **n.** of paragraph **2.**, Exclusions of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** - Coverages) do not apply…

. . .

**D.** For the purposes of this endorsement only, WHO IS AN INSURED (Section **II**) is replaced by the following:

Each of the following is an insured under this insurance to the extent set forth below:

   **1.** You.

   **2.** Any other person using a "hired auto" with your permission.

   **3.** With respect to a "non-owned auto", any partner or "executive officer" of yours, but only while such "non-owned auto" is being used in your business.

   **4.** Any other person or organization, but only with respect to their liability because of acts or omissions of an insured under paragraphs **1.**, **2.** or **3.** above…

. . .

**F.** For the purposes of this endorsement only, the following definitions are added to the DEFINITIONS Section:

   . . .

   **3.** "Non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos" owned by your "employees", your partners or your "executive officers", or members of their households, but only while used in your business or your personal affairs.

**G.** With respect to the insurance provided by this endorsement only, our right and duty to defend ends when we have used up the applicable sub-limit of insurance in the payment of judgments or settlements or Supplementary Payments under the insurance provided by this endorsement.

. . .

## CONCLUSION

The exclusion in the above referenced section; Insuring Agreement, Exclusions; Aircraft, Auto or Watercraft applies to exclude coverage under the Commercial General Liability form, as the "bodily injury" arises from the use of an "auto" owned by an insured.  While the Policy contains coverage outlined in the *Hired Auto and Non-Owned Auto Liability Endorsement AD 66 76 04/10,* Nissi does not qualify as an insured under that endorsement.  Nissi does not qualify as "You" under section D.1., or as a partner or executive officer of 601 Skyview under section D.3.  Because Nissi's liability does not arise from acts or omissions of 601 Skyview or its partners or executive officers, Nissi does not qualify as an insured under section D.4.  Because Nissi does not qualify as an "insured" under this Endorsement, no coverage is afforded to Nissi.

Nissi Management, LLC
A000000049870
May 6, 2025
Page 6 of 6

Because Admiral, in good faith, has reached the conclusion there is no coverage available to you under the Policy for the claims in the Lawsuit, Admiral regrettably is unable to provide you with a defense to the Lawsuit.  If you have not already, you should immediately consider whether you have any insurance policies that provide coverage for these claims, and you should immediately put any such insurers on notice of the Lawsuit and request any coverage that may be available to you.  Moreover, if you have not done so already, you should make arrangements immediately to retain counsel, at your own expense, to defend you in the Lawsuit.

This letter is in no way intended to limit or restrict Admiral from relying upon or asserting other facts, grounds and policy provisions that are or may become applicable and available to it in support of a denial of coverage, including filing a declaratory judgment action to determine Admiral's coverage obligations in this matter.  The failure of this letter to reference other provisions of the policy or other principles of law is not intended to waive any such right and/or defenses Admiral may have under the policy and applicable law, and Admiral expressly reserves its rights to assert any and all such defenses to coverage.

Very truly yours,

*Nancy Maniscalco*

Nancy Maniscalco
Senior Claims Superintendent
nmaniscalco@admiralins.com
Direct Dial: (856) 359-8991

NM/arg



232 Strawbridge Drive, Suite 300
Moorestown, NJ 08057
Phone: (856) 429-9200
Fax: (856) 429-3630

May 6, 2025

**<u>Via U.S. & Certified Mail (RRR)</u>**
Mr. John David Winton
401 Skyview Drive
Montevallo, AL 35115

> *Re*: *Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe v. Nissi Management LLC, 601 Skyview LLC, John David Winton, Esurance Property and Casualty Insurance Co.*, Civil Action No. 58-cv-2025-900262, filed 3/20/2025 in the Circuit Court of Shelby County, Alabama

> | | |
> |---|---|
> | Claim No.: | A000000049870 |
> | Policy No.: | CA000054345-01 (eff: 09/01/2024 to 09/01/2025) |
> | Carrier: | Admiral Insurance Group |
> | Insured : | Astra Equity, LLC |
> | Claimant(s): | Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe |
> | Date of Loss: | November 5, 2024 |

Dear Mr. Winton:

Admiral Insurance Company ("Admiral") acknowledges receipt of the above-referenced claim and lawsuit (the "Lawsuit") submitted under Policy No. CA000054345-01, issued to Admiral's named insured, Astra Equity, LLC. Based on our review, no coverage is available to you for the claims of the Lawsuit under the Admiral Policy.

If, after your review of this letter, you have questions or concerns, or if you believe there is additional information Admiral should consider, please contact me to discuss.

### <u>DISCLAIMER</u>

### <u>NO COVERAGE IS AVAILABLE TO YOU UNDER THE ADMIRAL POLICY</u>

### FACTUAL BACKGROUND AND ALLEGATIONS

For coverage purposes, we consider facts as alleged in the Lawsuit. We make no representations as to the veracity of these facts and understand that some facts may be disputed.

Plaintiff Kelly Poe and her 10-year-old daughter, Ember, were residents of the Glenn Apartments in Shelby County, Alabama. The Glenn Apartments are owned by 601 Skyview, and the property is managed by Nissi.

Astra Equity, LLC
A000000049870
May 6, 2025
Page 2 of 5

Plaintiffs allege you were employed by Nissi and/or 601 Skyview and resided at the Glenn Apartments. Plaintiffs allege that, unless you were on vacation out-of-town, you were considered "on duty" as a maintenance technician 24 hours a day, seven days a week. They claim your employer required you to use your 2006 Toyota Tundra (the "Subject Vehicle") as a mobile office, to run errands, and to respond to maintenance calls for the Glenn Apartments or other properties of the Defendants.

On November 5, 2024, at approximately 5:15 p.m., Ember Poe was riding a scooter on County Road 12 near the Glenn Apartments. While driving the Subject Vehicle, you struck and seriously injured Ember. She died several days later in the hospital. Investigation reveals you were under the influence of narcotics at the time of the accident, and law enforcement found cocaine and drug paraphernalia in the car.

On March 20, 2025, Plaintiffs filed their complaint in the Lawsuit (the "Complaint"), alleging you were "acting within the line and scope of his duties as agent, employee, and/or servant" of 601 Skyview or Nissi at the time of the accident. Plaintiffs assert claims of Negligence/Wantonness, Negligent and/or Wanton Hiring, Training, Supervision and Retention, Respondeat Superior, and Wrongful Death against 601 Skyview. Plaintiffs demand compensatory and punitive damages, attorney's fees, and all other remedies deemed proper by the court.

## EXPLANATION OF COVERAGE ISSUES

Admiral Insurance Company issued commercial lines Policy No. CA000054345-01 on an "occurrence" basis to named insured Astra Equity, LLC, with a policy period of September 1, 2024 through September 1, 2025 (the "Admiral Policy" or the "Policy"). The Policy includes commercial general liability ("CGL") coverage with a $1,000,000 each occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products/completed operations aggregate limit, and a $5,000 deductible.

The Policy was issued to named insured Astra Equity, LLC, but contains Named Insured Endorsement AD 07 85 11/22, which also designates 601 Skyview LLC as a named insured under the Policy. The Complaint alleges you were an employee of 601 Skyview and were acting in your scope of employment at the time of the accident.

The Admiral COMMERCIAL GENERAL LIABILITY COVERAGE FORM (CG001 0413) and applicable endorsements contain certain exclusions and conditions of coverage. First, we refer you to the Insuring Agreement, which states:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

Astra Equity, LLC
A000000049870
May 6, 2025
Page 3 of 5

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period

***

The Policy contains endorsements and exclusions which restrict or remove coverages. Most notably, the Policy contains the following "auto" exclusion:

**2. Exclusions**

  This insurance does not apply to:

  . . .

  **g. Aircraft, Auto Or Watercraft**

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured…

The Policy contains Endorsement AD 66 76 04/10, the Hired Auto and Non-Owned Auto Liability Endorsement, which provides an additional sub-limit of $1,000,000 each occurrence, $2,000,000 aggregate for non-owned auto liability, modifies the CGL coverage as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**HIRED AUTO AND NON-OWNED AUTO LIABILITY**

This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE PART

. . .

**B.** NON-OWNED AUTO LIABILITY

  The insurance provided under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** - Coverages) applies to "bodily injury" or "property damage" arising out of the use of a "non-owned auto" by any person other than you in the course of your business.

Astra Equity, LLC
A000000049870
May 6, 2025
Page 4 of 5

- **C.** With respect to the insurance provided by this endorsement:

    **1.** Subparagraphs **b.**, **c.**, **e.**, **g.**, **h.**, **j.**, **k.**, **l.**, **m.** and **n.** of paragraph **2.**, Exclusions of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** - Coverages) do not apply…

- **D.** For the purposes of this endorsement only, WHO IS AN INSURED (Section **II**) is replaced by the following:

    Each of the following is an insured under this insurance to the extent set forth below:

    **1.** You.

    **2.** Any other person using a "hired auto" with your permission.

    **3.** With respect to a "non-owned auto", any partner or "executive officer" of yours, but only while such "non-owned auto" is being used in your business.

    **4.** Any other person or organization, but only with respect to their liability because of acts or omissions of an insured under paragraphs **1.**, **2.** or **3.** above…

. . .

- **F.** For the purposes of this endorsement only, the following definitions are added to the DEFINITIONS Section:

    . . .

    **3.** "Non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos" owned by your "employees", your partners or your "executive officers", or members of their households, but only while used in your business or your personal affairs.

- **G.** With respect to the insurance provided by this endorsement only, our right and duty to defend ends when we have used up the applicable sub-limit of insurance in the payment of judgments or settlements or Supplementary Payments under the insurance provided by this endorsement.

. . .

**CONCLUSION**

The *Aircraft, Auto or Watercraft* exclusion applies to exclude coverage under the Commercial General Liability form, as the "bodily injury" alleged in the Complaint arises from the use of an "auto" owned by an insured. The "auto" exclusion is a provision used to coordinate coverage between two concurrent policies, one covering the insured's automobiles and the other covering the insured's general liability. In other words, the policy's "auto" exclusion is intended to eliminate from the Admiral policy coverage for "bodily injury" or "property damage" that is customarily covered by an auto liability policy.

Nor is coverage provided to you via the policy's *Hired Auto and Non-Owned Auto Liability Endorsement*. The policy defines a "non-owned auto" as any "auto" the named insured (601 Skyview) does not own, lease, hire, rent or borrow which is used in connection with its business. The vehicle at issue is not owned by 601 Skyview. Rather, the Complaint alleges you are the owner. Thus, pursuant to Section D. you are not an insured under this provision and therefore are not afforded coverage under this provision of the policy.

Astra Equity, LLC
A000000049870
May 6, 2025
Page 5 of 5

Because Admiral, in good faith, has reached the conclusion there is no coverage available to you under the Policy for the claims in the Lawsuit, Admiral regrettably is unable to provide you with a defense to the Lawsuit. If you have not already, you should immediately consider whether you have any insurance policies that provide coverage for these claims, and you should immediately put any such insurers on notice of the Lawsuit and request any coverage that may be available to you.  Moreover, if you have not done so already, you should make arrangements immediately to retain counsel, at your own expense, to defend you in the Lawsuit.

This letter is in no way intended to limit or restrict Admiral from relying upon or asserting other facts, grounds and policy provisions that are or may become applicable and available to it in support of a denial of coverage, including filing a declaratory judgment action to determine Admiral's coverage obligations in this matter. The failure of this letter to reference other provisions of the policy or other principles of law is not intended to waive any such right and/or defenses Admiral may have under the policy and applicable law, and Admiral expressly reserves its rights to assert any and all such defenses to coverage.

Very truly yours,

*Nancy Maniscalco*

Nancy Maniscalco
Senior Claims Superintendent
nmaniscalco@admiralins.com
Direct Dial: (856) 359-8991

NM/arg