FILED
2025 Jul-09  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT E

# Hiscox Letters



March 20, 2025


Via email only to: nmaniscalco@admiralins.com


Nancy Maniscalco
Admiral Insurance Group
232 Strawbridge Drive, Suite 300
Moorestown, NJ 08057


***Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and
as parent of Ember Poe v. Nissi Management LLC, 601 Skyview LLC, John David
Winton, Esurance Property and Casualty Insurance Co.***


RE:        Admiral Claim No.:     A000000049870
           Policy No.:            CA000054345-01 (eff: 09/01/2024 to 09/01/2025)
           Admiral Insured :      Astra Equity, LLC
           Claimant(s):           Vanne Poe, individually and as parent of Ember Poe, and
                                  Kelly Poe, individually and as parent of Ember Poe
           Date of Loss:          November 5, 2024
           Hiscox Claim No.:      100.253.466A
           Hiscox Insured:        Nissi Management LLC


Hello Nancy,

I am in receipt of your letter dated May 6, 2025.   Hiscox Wholly disagrees with your evaluation
of coverage based on several inaccuracies.  Alabama uses extrinsic evidence to establish
coverage.

Winton was not an employee of Nissi Management.  While he was paid a set rate, he was also
paid when work was completed by his Company. Winton rented and paid market rate for an
apartment at Glenn Apartments. Winton was not required to use his 2006 Toyota Tundra as a
mobile office. It was his personal choice as to how he completed his work and the equipment he
used, as he was an independent contractor.

Apparently, on the date of the incident, he was going to vote.  He had not provided any services
from November 3, 2024 until November 8, 2024.

The exclusion Aircraft, Auto or Watercraft would not be applicable in this case, as it did not
involve the ownership, maintenance, use or entrustment to others of any "auto" that is owned or
operated by or rented or loaned to any insured.  It was none of these.  For the same reason, the
Hired Auto and Non-Owned Auto Liability endorsement, does not apply.

1

Admiral Insurance Group's duty to defend is greater than its duty to indemnify. We request the you immediately review your coverage position with factual information, as we firmly believe that Nissi Management LLC is an Insured under your policy and the two exclusions you are relying on are not applicable.


Sincerely,

Rena Cherick
Sr. Complex Claims Specialist
Rena.Cherick@Hiscox.com
480-214-8969
Hiscox USA



Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
504 566 1311

Jay Russell Sever
Partner
Admitted in Louisiana
and California
severj@phelps.com
504 584 9271

Kenneth W. Boyles
kenneth.boyles@phelps.com
Direct  205 716 5251

May 30, 2025

28697- 0030

**VIA EMAIL ONLY**

Ms. Nancy Maniscalco
Admiral Insurance Group
232 Strawbridge Drive, Suite 300
Moorestown, NJ 08057
nmaniscalco@admiralins.com

Re:    *Vanne Poe et al. v. 601 Skyview, LLC et al.*, Case No. 05-CV-2025-900262, in the
Circuit Court of Shelby County, Alabama

|  |  |
|---|---|
| Admiral Insured: | Astra Equity, LLC |
| Admiral Claim No.: | A000000049870 |
| Admiral Policy No.: | CA000054345-01 (September 1, 2024 – September 1, 2025) |

|  |  |
|---|---|
| Hiscox Insured: | Nissi Management LLC |
| Hiscox Claim No.: | 100.253.466A |
| Hiscox Policy No.: | P100.066.603.4 (January 26, 2024 – January 26, 2025) |
| Date of Loss: | November 5, 2024 |

Dear Ms. Maniscalco:

Phelps Dunbar LLP represents Hiscox Insurance Company ("Hiscox") in connection with the above captioned claim and lawsuit styled *Vanne Poe v. 601 Skyview, LLC et al.*, presently pending in the Circuit Court for Shelby County, Alabama (the "Lawsuit"). The purpose of this letter is to further respond to Admiral Insurance Group's ("Admiral") May 6, 2025 letter disclaiming coverage to Nissi Management, LLC ("Nissi") under policy number CA000054345-01 (the "Admiral Policy") issued to Astra Equity, LLC by Admiral and restate Hiscox's tender to Admiral for defense and indemnity of Nissi for the claims made and damages sought against it in the Lawsuit as an insured under the Admiral Policy and as a contractual indemnitee of 601 Skyview, LLC ("Skyview").

Through Admiral's May 6, 2025 letter, Admiral states that it has considered the facts as alleged in the Lawsuit to determine coverage under the Admiral Policy. However, the Alabama Supreme Court "has rejected the argument that the insurer's obligation to defend must be determined solely from the facts alleged in the complaint in the action against the insured." *Ladner*

Ms. Nancy Maniscalco
May 30, 2025
Page 2

*& Co., Inc. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 103 (Ala. 1977).[1] Further, under Alabama law, "when the allegations of the complaint show that the injury alleged is not within the coverage of the policy, other facts which did exist but were not alleged, could be taken into consideration" to establish coverage. *Id.*[2] As such, Admiral must consider facts that were not alleged outside of the complaint to evaluate its defense and indemnity obligations under the Admiral Policy.

Although the Lawsuit alleges that Defendant John David Winton ("Winton") is alleged to be an employee of Nissi, Skyview, and/or fictitious, unknown parties and that Nissi, Skyview, and/or fictitious, unknown parties required Winton to use his personal vehicle "as a mobile office," as addressed in Hiscox's May 7, 2025 letter, Winton was not an employee of Nissi. Instead, Winton was engaged as an independent contractor, and as an independent contractor, he was not required to use his personal vehicle in connection with any work he performed. Additionally, Winton was paid directly by Skyview, and he had not provided any services as an independent contractor for Nissi from November 3, 2024 until November 8, 2024.

As such, the Admiral Policy's Aircraft, Auto Or Watercraft does not apply to preclude or otherwise limit coverage to Nissi in connection with the claims made and damages sought against it in the Lawsuit. Further, regardless of whether Winton owned the subject vehicle or otherwise qualified as an insured under the Admiral Policy, this would not impact the coverage owed to Nissi under the Admiral Policy as the Admiral Policy's Separation of Insureds provision would apply such that Winton's ownership of the subject vehicle "will not affect another insured's coverage." *See James River Ins. Co. v. Ultratec Spec. Effects Inc*, 22 F.4th 1246, 1257 (11th Cir. 2022) (Alabama law) (evaluating "any insured" language as used in policy exclusion in conjunction with Separation of Insureds provision). In sum, under Alabama law, this extrinsic evidence must be considered, and we respectfully request Admiral to reconsider its coverage position considering these facts not alleged in the complaint as well as Alabama law addressing the use of "any insured" in the context of policy exclusions.

Notwithstanding that a duty to defend Nissi as an insured under the Admiral Policy exists, Nissi is also a contractual indemnitee of Skyview, Admiral's insured. As you know, Nissi and Skyview executed a Management Agreement on or about May 2, 2022, under which Skyview agreed to "employ[] the Agent exclusively to rent, operate and manage the property known as The Glenn located at 601 Skyview Drive. Montevallo, AL. 35115 (hereinafter referred to as (the "Property") . . .."[3]

---

[1] The Admiral Policy was issued to Astra Equity, LLC ("Astra"). Astra is an Alabama limited liability company, and its registered office is located in Dothan, Alabama. As such, Alabama law should apply to the interpretation of the Admiral Policy. *See FCCI Ins. Co. v. Allo*, No. CV 1:20-00219-KD-MU, 2021 WL 2043419, at *3 (S.D. Ala. May 20, 2021) (citations omitted) ("Alabama law applies the doctrine of *lex loci contractus* to contract claims.").

[2] The Alabama Supreme Court "has never held that, even though the allegations of a complaint *do* allege a covered accident or occurrence, the courts may consider evidence outside the allegations to *disestablish* the duty to defend. *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1064 (Ala. 2003) (emphasis added).

[3] The Management Agreement identifies Nissi Management, LLC as "Agent" and 601 Skyview, LLC as "The Glenn". Candace Pilgrim, Manager of "Astra Mgmt, LLC" executed the Management Agreement as the "OWNER" on behalf of 601 Skyview, LLC.

Ms. Nancy Maniscalco
May 30, 2025
Page 3

Paragraph 4 of the Management Agreement includes an indemnification provision, which provides, in part, as follows:

**INDEMNIFICATION**

4.      The Owner further agrees:

a.      To indemnify, defend and save the Agent, its affiliates and their respective officers, directors, employees, representatives and agents harmless from all claims, demands, liability, loss, damage, costs, or expenses (including, without, limitation, reasonable legal fees and expenses and all other costs and expenses incurred in investigating, preparing for, or defending any proceeding, commenced or threatened, incident to the foregoing or to the enforcement of this Section 4(a) or incurred by Agent or its affiliates or their respective officers, directors, employees, representatives, or agents for or on account of or arising out of or in connection with the Property, the management of the Property, damage to property, injuries to or death of any employees or other person whatsoever, Owner's duties or obligations under this Agreement or any breach by owners of any covenant, representation, warranty, or obligation of Owner contained in this Agreement, except for any liability, loss damage, costs, or expenses resulting from the gross negligence or willful misconduct of the Agent or its affiliates or their respective officers, directors, employees, representatives, or agents.

b.      Owner agrees to indemnify and hold Manager harmless from and against all costs, expense, attorney's fees, suits, liabilities, damages or claims for damages, in any way arising out of this Premises or Manager's operation thereof pursuant to this Agreement or Manager's actions under the direction of Owner's excluding Manager's grossly negligent acts or willful misconduct.

Because the claims made and damages sought against Nissi clearly arise out of "the Property, the management of the Property, damage to property, injuries to or death of any . . . other person", Skyview has a contractual obligation to defend and indemnify Nissi under the Management Agreement.

Accordingly, Hiscox again tenders the defense and indemnity of Nissi to Admiral as an insured under the Admiral Policy. Hiscox further tenders the defense and indemnity of Nissi to Admiral and Skyview pursuant to the provisions of the Management Agreement.

Thank you for your prompt attention to this matter. Please let us know no later than **June 6, 2025**, whether Admiral and/or Skyview will assume the defense and indemnity responsibility that Skyview contractually agreed to undertake on behalf of Nissi. Hiscox specifically reserves its right to seek from Skyview and its insurers any and all defense costs and indemnity costs incurred in connection with this claim.

By addressing the coverage issues above, Hiscox in no way intends to waive any other coverage defense not discussed in this correspondence. Hiscox reserves the right to assert policy positions and defenses not discussed herein which are or may be discovered to be applicable. No waiver of the right to assert additional positions or defenses is intended, and any such waiver is expressly denied. Any actions that have or will be taken in connection with this claim should not be construed as a waiver of any rights of Hiscox to invoke the policy terms, conditions,

Ms. Nancy Maniscalco
May 30, 2025
Page 4


limitations and exclusions, all of which actions taken on behalf of Hiscox are done entirely without prejudice.

        Should you have any questions regarding the above or should you wish to discuss this matter further, please do not hesitate to contact the undersigned.

Sincerely,


Jay Russell Sever


Kenneth W. Boyles