# EXHIBIT F

# Admiral Response

# B | T | N | L

BARZE TAYLOR
NOLES LOWTHER LLC

R. Bruce Barze, Jr.
Partner
Telephone: (205) 872-1015
Email: bbarze@btnllaw.com

June 2, 2025

*Via email*

Jay Russell Sever
Kenneth W. Boyles
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

    Re:   *Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe v. Nissi Management LLC, 601 Skyview LLC, John David Winton, Esurance Property and Casualty Insurance Co.*, Civil Action No. 58-cv-2025-900262, filed 3/20/2025 in the Circuit Court of Shelby County, Alabama

| | |
|---|---|
| Admiral Claim No.: | A000000049870 |
| Policy No.: | CA000054345-01 (eff: 09/01/2024 to 09/01/2025) |
| Carrier: | Admiral Insurance Group |
| Admiral Insured: | Astra Equity, LLC |
| Claimant(s): | Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe |
| Date of Loss: | November 5, 2024 |
| Hiscox Claim No.: | 100.253.466A |
| Hiscox Insured: | Nissi Management LLC |

Dear Messrs. Sever and Boyles:

    This firm represents Admiral Insurance Company ("Admiral") on coverage matters related to the above-referenced claim and the lawsuit styled *Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe v. Nissi Management LLC, 601 Skyview LLC, John David Winton, Esurance Property and Casualty Insurance Co.*, Civil Action No. 58-CV-2025-900262, filed 3/20/2025 in the Circuit Court of Shelby County, Alabama (the "Lawsuit"). We request that you direct any communications about this claim to our attention going forward.

Jay Russell Sever
Kenneth W. Boyles
Phelps Dunbar LLP
June 2, 2025
Page 2 of 5

      We have reviewed and are responding to your letter sent on behalf of Hiscox Insurance Company ("Hiscox") dated May 30, 2025 and Rena Cherick's letter sent on May 7, 2025. This letter also serves as a supplement to Admiral's letter to Hiscox's insured, Nissi Management, LLC ("Nissi"), dated May 6, 2025. In that letter, Admiral advised that it was disclaiming coverage to Nissi for the claims asserted in the Lawsuit under Policy No. CA000054345-01, issued to Admiral's named insured, Astra Equity, LLC. Our review of the documents and information in our possession and the extrinsic facts cited in your letter confirms our opinion that no coverage is available to Nissi for the claims in the Lawsuit as an insured under the Admiral Policy.

      If, after your review of this letter, you have further questions or concerns, or if you believe there is additional information we should consider, please let me know if you want to have a call to discuss Admiral's position.

## **DISCLAIMER – NO COVERAGE IS AVAILABLE**

      Admiral is fully aware that an insurer's duty to defend is more extensive than its duty to indemnify. In accordance with Alabama law, it is Admiral's practice in performing coverage analyses to compare the policy provisions with the facts as alleged in the complaint. In Alabama, extrinsic facts can be considered to establish coverage when the allegations of the complaint are unclear or ambiguous. Although there is no duty under Alabama law for an insurer to further investigate facts unless the complaint is vague or ambiguous, we understand the practical need to review facts that might be developed during discovery that would later establish coverage.

      As outlined in Admiral's letter of May 6, 2025, the allegations of the Complaint support a denial of coverage under the *Aircraft, Auto or Watercraft* exclusion of the Admiral Policy.[1] Your letter articulates the following extrinsic facts that refute the factual allegations of the Complaint:

- Mr. Winton was an independent contractor, not an employee of Nissi;

---

[1] Your letter requests that Admiral also reconsider its position with respect to "Alabama law addressing the use of 'any insured' in the context of policy exclusions." In *James River Ins. Co. v. Ultratec Spec. Effects Inc*, 22 F.4th 1246, 1255 (11th Cir. 2022), cited in your letter, the court found the term " 'any insured' can be interpreted singularly as 'any one of the insureds,' or collectively as 'the whole group of insureds'" in the context of an employer's liability exclusion. The court demonstrated that application of the two interpretations yielded two separate outcomes, and found the term to be ambiguous in the context of an employer's liability exclusion when read together with the Separation of Insureds provision. *Id.*

      You argue that Winton's ownership or operation of the vehicle or status as an insured under the Policy is irrelevant to the coverage afforded to Nissi. While the "separation of insureds" clause is intended to provide each insured with a separate grant of coverage, it does not require that a policy be read as if no other insureds exist. Indeed, in the determination if an "auto" was "owned or operated by or rented or loaned to any insured," it is clear "any insured" means "any one of the insureds." There is no collective interpretation that would make sense. Whether Winton is the owner or operator of the vehicle, and whether he is an insured, are determinative factors of whether the *Aircraft, Auto Or Watercraft* exclusion applies to remove coverage.

Jay Russell Sever
Kenneth W. Boyles
Phelps Dunbar LLP
June 2, 2025
Page 3 of 5

- Mr. Winton was not required to use his personal vehicle as a mobile office;
- Mr. Winton did not provide any services from November 3 through November 8, 2024; and
- Mr. Winton was on his way to vote at the time of the accident.

Assuming, *arguendo*, that the facts above are proven, then the *Aircraft, Auto or Watercraft* exclusion in the Admiral Policy likely would not act to remove coverage for Nissi.

However, Hiscox's letters fail to acknowledge that these same extrinsic facts place the claims squarely outside the coverage of the Admiral Policy, which is limited by Endorsement AD 69 13 08 23, the *Limitation of Coverage to Designated Premises Endorsement*, and was cited in Admiral's disclaimer letter of May 6, 2025. That endorsement provides:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **LIMITATION OF COVERAGE TO DESIGNATED PREMISES**
>
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> This insurance applies only to:
>
> 1. "Bodily injury", "property damage" and medical expenses for "bodily injury" caused by an "occurrence" that takes place in its entirety at the premises shown in the Schedule;
> 2. "Personal and advertising injury" caused by an offense arising out of your business and committed at the premises shown in the Schedule; and
> 3. "Bodily injury", "property damage", "personal and advertising injury" and medical expenses for "bodily injury" caused by "business activities" conducted by you.
>
> "Business activities" means:
>
> 1. Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of operating or maintaining the designated premises; and
> 2. Activities engaged in at or away from the premises shown in the Schedule for the sole purpose of evaluating other premises for acquisition or for addition to your ownership or management portfolio.
>
> "Business activities" does not include business conventions, special events, sponsored events, sporting events, company picnics, fundraisers, or similar events or activities, unless specifically shown in the Schedule.

This endorsement expressly limits coverage under the Admiral Policy to damages caused "by an 'occurrence' that takes place in its entirety at the premises shown in the Schedule." The

Jay Russell Sever
Kenneth W. Boyles
Phelps Dunbar LLP
June 2, 2025
Page 4 of 5

---

Schedule identifies the property at 601 Skyview Drive, Montevallo, Alabama – the Glenn Apartments – as a designated premises. It is undisputed the accident took place near the 300 block of County Road 12. The location of the accident is on a different road, across the railroad tracks, and several hundred yards away from the entrance to the designated premises located on Skyview Drive. As such, the "occurrence" plainly did not take place "in its entirety" at the Glenn Apartments or at any other premises scheduled in the Admiral Policy.

The endorsement contains an exception to the limitation of coverage for "business activities" conducted by 601 Skyview LLC, but it does not apply. "Business activities" are defined as "[a]ctivities engaged in at or away from the premises shown in the Schedule for the sole purpose of operating or maintaining the designated premises." Here, the extrinsic facts Hiscox has cited confirm that exception does not apply. According to Hiscox, Winton was an independent contractor, he had not performed any work since November 3, 2025, and he was on his way to vote at the time of the accident. Thus, there is no scenario in which Winton's drive that day could be considered as undertaken by 601 Skyview LLC for the "sole purpose of operating or maintaining" the Glenn Apartments. For that reason and because the "bodily injury" in this case was not caused by an "occurrence" that took place in its entirety at the designated premises, no coverage exists for Nissi for the accident that occurred away from the designated premises.

Finally, you also tendered this claim pursuant to the indemnity language contained in the Management Agreement between 601 Skyview and Nissi. Admiral is not a party to that agreement, so directing Nissi's indemnity claim to Admiral is misplaced. We suggest that you direct Nissi's claim for indemnity under the Management Agreement to 601 Skyview or its counsel. Thereafter, if that indemnity claim is submitted by 601 Skyview to Admiral, any indemnification obligations arising from such a claim will be evaluated with respect to Admiral's obligations to 601 Skyview under the Admiral Policy.

## CONCLUSION

While it remains Admiral's position that the Policy's *Aircraft, Auto or Watercraft* exclusion applies to exclude coverage for Nissi based on the facts alleged in the Complaint, Admiral realizes the practical value of examining facts that are likely to be developed in discovery and could potentially establish a duty to defend. The extrinsic facts alleged in your letter could render inapplicable the *Aircraft, Auto or Watercraft* exclusion, but application of these same facts also renders inapplicable the "business activities" exception to the limitation of coverage contained in the *Limitation of Coverage to Designated Premises Endorsement*. Whether considering the facts asserted in the Complaint or the extrinisic facts asserted in your letter, we see no scenario in which coverage is available to Nissi.

Because Admiral, in good faith, has reached the conclusion there is no coverage available to Nissi under the Policy for the claims in the Lawsuit, Admiral regrettably is unable to provide Nissi with a defense to the Lawsuit or any indemnity for settlements or judgments.

This letter is in no way intended to limit or restrict Admiral from relying upon or asserting other facts, grounds and policy provisions that are or may become applicable and available to it in

Jay Russell Sever
Kenneth W. Boyles
Phelps Dunbar LLP
June 2, 2025
Page 5 of 5

support of its coverage position. The failure of this letter to reference other provisions of the policy or other principles of law is not intended to waive any such right and/or defenses Admiral may have under the policy and applicable law, and Admiral expressly reserves its rights to assert any and all such defenses to coverage.

Yours Very Truly,

*R. Bruce Barze, Jr.*

R. Bruce Barze, Jr.

cc: Ms. Nancy Maniscalco
Senior Claims Superintendent
Admiral Insurance Group
nmaniscalco@admiralins.com

Margaret Kubiszyn