# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 2:25-cv-01099-SGC |
| 601 SKYVIEW, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

Admiral Insurance Company filed this action against 601 Skyview, LLC; Nissi Management, LLC; John David Winton; Vanne Poe; and Kelly Poe. (Doc. 1).[1] Before the case can proceed, the court must address a jurisdictional issue.

Admiral cites 28 U.S.C. § 1332 as the basis of federal subject matter jurisdiction. Section 1332 vests a district court with original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. The "diversity" requirement of § 1332 means every plaintiff must be of diverse citizenship from every defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998).

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

To support the existence of diversity, Admiral alleges (1) it is a citizen of Delaware and Arizona because it is a Delaware corporation with its principal place of business in Arizona; (2) 601 Skyview is an Alabama citizen because it is an Alabama LLC with its principal place of business in Houston County, Alabama, and whose members are Alabama citizens; (3) Nissi is an Alabama citizen because it is an Alabama LLC with its principal place of business in Jefferson County, Alabama, and whose members are Alabama citizens; and (4) Winton, Vanne Poe, and Kelly Poe are all individual Alabama residents and therefore Alabama citizens. (Doc. 1 at 2-3).

While the citizenship of a corporation is determined by its state of incorporation and principal place of business, an LLC's citizenship is determined by that of its members: "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). This court interprets *Rolling Greens* to require the party invoking federal subject matter jurisdiction to *identify* each member of an LLC *and* allege each member's citizenship.[2] This may require "'tracing through several layers.'"

---

[2] Other courts in this district also require a defendant to affirmatively allege the members of an LLC, as well as the citizenship of each member. *See Fortune v. Cibran*, No. 2:23-CV-00318-ACA, 2023 WL 5748417, at *1 (N.D. Ala. Apr. 4, 2023); *Souran v. Turks Bama Bucks, LLC*, No. 4:20-CV-01239-CLM, 2020 WL 6803282, at *1 (N.D. Ala. Nov. 19, 2020); *Alabama Power Co. v. Calhoun Power Co., LLC*, No. 2:12-CV-3798-WMA, 2012 WL 6755061, at *2 (N.D. Ala. Dec. 28, 2012).

*Keshock v. Metabowerke GMBH*, No. CIV. A. 15-00345-N, 2015 WL 4458858, at *3 (S.D. Ala. July 21, 2015) (quoting *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014)). For example, if an LLC has a member that is an LLC, the citizenship of the members of the member LLC must be determined and so on "through as many levels as necessary to reach corporations or natural persons." *Id.* (explaining holding of *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998), in parenthetical).

Because Admiral does not identify the members of either 601 Skyview or Nissi, its allegations are not sufficient to establish the parties' citizenships and, therefore, do not permit the court to determine whether diversity exists. The court cannot take jurisdiction of this matter until Admiral resolves this issue. Accordingly, Admiral is **ORDERED** to file an amended complaint within **14 days** to remedy the deficient jurisdictional allegations identified in this order.

**DONE** this 16th day of July, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE