FILED

2025 Jul-29  PM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil Action No.: 2:25-cv-01099-SGC |
| | ) | |
| 601 SKYVIEW, LLC; NISSI MANAGEMENT, LLC; JOHN DAVID WINTON; VANNE POE; and KELLY POE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR ENLARGEMENT OF TIME
## TO FILE AMENDED COMPLAINT

Plaintiff Admiral Insurance Company respectfully moves this Court to enter an Order allowing it additional time to amend its Complaint with respect to the citizenship allegations for Defendants 601 Skyview, LLC ("601 Skyview") and Nissi Management, LLC ("Nissi"). As grounds for this Motion, Admiral states the following:

1.     Admiral filed this lawsuit on July 9, 2025, seeking a declaratory judgment with regard to the claims asserted in the wrongful death lawsuit styled *Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe v. Nissi*

*Management LLC, 601 Skyview LLC, John David Winton, Esurance Property and Casualty Insurance Co.*, Civil Action No. 58-CV-2025-900262, filed on March 20, 2025 in the Circuit Court of Shelby County, Alabama.

2.    Included in the relief requested is a declaration by this Court that Admiral does not owe defense or indemnity to either 601 Skyview or Nissi.

3.    Admiral alleged upon information and belief that the members of both 601 Skyview and Nissi are citizens of Alabama. As of the time of the filing of the Complaint, that was the extent of Admiral's knowledge and information, because in Alabama LLCs are not required to publicly disclose their members' names and addresses in the Articles of Organization or any other public document filed with the Secretary of State.

4.    On July 16, 2025, the Court entered an Order (Doc. 8) requiring Admiral to file an amended complaint identifying the members of 601 Skyview and Nissi within 14 days, or by July 30, 2025.

5.    Admiral certainly acknowledges the importance of an early determination of the Court's jurisdiction and is aware of decisions in this

Court (and other district courts around Alabama) interpreting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), to require the party invoking federal subject matter jurisdiction based on diversity of citizenship to identify each member of an LLC and allege each member's citizenship.

6.     Because the identities and citizenships of the members of 601 Skyview and Nissi cannot be found in publicly-available information, this places Admiral in an untenable situation and, effectively, would foreclose Admiral's access to federal court in a case such as this one, even where jurisdiction ultimately is shown to exist.[1] Indeed, the Eleventh Circuit has acknowledged "the difficulty of applying established diversity jurisdiction principles to 21st-century business organizations" like LLCs. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

---

[1]  Despite the unavailability of such information in official sites such as the Alabama Secretary of State's business records database, Admiral has attempted to obtain information on 601 Skyview's and Nissi's membership from unofficial sources, such as Dun & Bradstreet reports, SEC filings, Westlaw, and LinkedIn, and has requested in writing the information directly from the defense counsel for 601 Skyview and Nissi in the underlying lawsuit. All of these attempts have been unsuccessful in obtaining the needed information.

7.     Admiral also recognizes that "[i]t is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." *Id.*

8.     Since *Rolling Greens* was decided in 2004, Federal Rule of Civil Procedure 7.1 was amended. The 2022 amendments to Rule 7.1 added a mechanism to ensure that this Court and the parties will have an early opportunity to verify whether diversity jurisdiction exists in this case. Rule 7.1 has long required each "nongovernmental corporate party" to file a disclosure statement when that party takes its first action in a federal court lawsuit. Effective, December 1, 2022, however, the rule was amended to require that when a case is filed in federal court because of diversity jurisdiction, each "party or intervenor" must file a disclosure statement that provides the "name—and identif[ies] the citizenship of— every individual or entity whose citizenship is attributed to that party or intervenor." The disclosure statement must be filed with a party's first appearance or filing addressed to the Court, and is mandatory "unless the court orders otherwise." FED. R. CIV. P. 7.1(a)(2), (b).

9.     The Advisory Committee's Notes for the 2022 Amendment provide the following reasoning for the changes to the rule:

Rule 7.1 is further amended to require a party or intervenor in an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to name and disclose the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor. The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, **but is designed to facilitate an early and accurate determination of jurisdiction**.

Two examples of attributed citizenship are provided by § 1332(c)(1) and (2), addressing direct actions against liability insurers and actions that include as parties a legal representative of the estate of a decedent, an infant, or an incompetent. Identifying citizenship in such actions is not likely to be difficult, and ordinarily should be pleaded in the complaint. **But many examples of attributed citizenship arise from noncorporate entities that sue or are sued as an entity. A familiar example is a limited liability company, which takes on the citizenship of each of its owners. A party suing an LLC may not have all the information it needs to plead the LLC's citizenship.** The same difficulty may arise with respect to other forms of noncorporate entities, some of them familiar—such as partnerships and limited partnerships— and some of them more exotic, such as "joint ventures." **Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship.** Disclosure is required by a plaintiff as well as all other parties and intervenors.

FED. R. CIV. P. 7.1, Committee Notes on Rules—2022 Amendment

(emphasis added).

10.    Rule 7.1's new disclosure requirement was created for the express purpose of assisting district courts with "facilitating the early determination of whether diversity jurisdiction exists under 28 U.S.C. § 1332(a)." *See March 2021 Report of the Judicial Conference Committee on Rules of Practice and Procedure*, at p. 10, https://www.uscourts.gov/sites/default/files/rules_report_to_jcus_march_2021_0.pdf (last accessed on July 28, 2025).

11.    Thus, Admiral's requested extension is consistent with the revised rule and will not unduly delay the proceedings or the Court's early determination on jurisdiction. Rule 7.1 disclosure statements will be filed by 601 Skyview and Nissi in the near future. For instance, 601 Skyview was served on July 14, 2025, making its response to the Complaint due next week, on or before August 4, 2025 (Doc. 9). Rule 7.1 requires 601 Skyview to file its disclosure statement "with its first appearance." FED. R. CIV. P. 7.1(b)(1). Nissi's responsive pleading and disclosure statement likely will be due shortly thereafter.

12.    Allowing additional time for review of the disclosure statements required by amended Rule 7.1 is consistent with obtaining an "early and accurate determination of jurisdiction" and will "protect

against the waste that may occur upon belated discovery of a diversity-destroying citizenship." Additionally, waiting a few weeks to confirm the citizenship of the members of these Defendant LLCs is not inconsistent with the Eleventh Circuit's mandate in *Rolling Greens* for a prompt review of citizenship allegations.[2] Ultimately, allowing additional time for Admiral to amend its Complaint until after review of the disclosure statements will strike a balance between this Court's need to determine the existence of diversity jurisdiction and Admiral's ability to proceed in this case and provide an accurate amendment. Moreover, providing additional time will serve the interests of justice because requiring Admiral to amend now, before receipt of the information required of Defendants by Rule 7.1, could have the effect of depriving Admiral access to this Court when the forthcoming disclosures may very well confirm the existence of federal jurisdiction.

WHEREFORE, the premises considered, Plaintiff Admiral Insurance Company respectfully requests this Honorable Court to enter

---

[2] It is worth noting that the *Rolling Greens* panel did not dismiss the case even though it had proceeded all the way through a ruling on cross motions for summary judgment. *Id.* at 1021. Instead, the court remanded the "case to the district court for the limited purpose of determining the citizenships of the parties, consistent with this opinion" and even referred to the fact that the parties had agreed to stipulate to the citizenships of the members of their organizations. *Id.* at 1023 n.2.

an order providing a reasonable extension of time for Admiral to amend its Complaint, at least until after Defendants 601 Skyview and Nissi have filed their Rule 7.1 disclosure statements, and granting such other, further, or different relief to which Admiral is entitled.

Respectfully submitted, this 29th day of July, 2025.


/s/ R. Bruce Barze, Jr.
One of the Attorneys for Plaintiff
Admiral Insurance Company

R. Bruce Barze, Jr.
(ASB-8163-R71R)
Margaret S. Kubiszyn
(ASB-3009-N68M)
BARZE TAYLOR NOLES LOWTHER LLC
Lakeshore Park Plaza
2204 Lakeshore Drive, Suite 425
Birmingham, AL  35209
(205) 872-1032
bbarze@btnllaw.com
mkubiszyn@btnllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on July 29, 2025, using the Court's CM/ECF system, which will cause service on all counsel of record.

*/s/ R. Bruce Barze, Jr.*
OF COUNSEL