UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:25-cv-01099-SGC ) |
| 601 SKYVIEW, LLC, *et al.*, | ) ) |
| Defendants. | ) ) |

# ORDER

Admiral Insurance Company filed this action against 601 Skyview, LLC; Nissi Management, LLC; John David Winton; Vanne Poe; and Kelly Poe. (Doc. 1).[1] On July 16, 2025, the court ordered Admiral to file an amended complaint within fourteen days to identify each member of the defendant LLCs and allege each member's citizenship. (Doc. 8). On July 29, 2025, Admiral moved for an extension of time to amend its complaint because it has been unable to determine the members of either defendant LLC. (Doc. 10). Admiral has attempted to identify the LLC members using publicly available information and by requesting the information directly from the defendants' counsel, but these attempts have been unsuccessful. (*Id.* at 2-3).

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

While Admiral recognizes the importance of ensuring that diversity jurisdiction exists before the case proceeds, its inability to identify the members of the defendant LLCs places it "in an untenable position," and Admiral worries that its access to federal court will be foreclosed, even though jurisdiction may ultimately exist. (Doc. 10 at 3). Therefore, Admiral asks the court to delay its deadline to file an amended complaint until after the LLC defendants file the disclosure statements required by Federal Rule of Civil Procedure 7.1(a)(2).

As Admiral explains, Rule 7.1 requires each party in an action where jurisdiction is based on diversity to file a disclosure statement that identifies the citizenship of every individual or entity whose citizenship is attributed to that party. The disclosure statements must be filed along with a party's first pleading. Fed. R. Civ. P. 7.1(b). Per the committee comments to the 2022 Amendment, the changes which introduced this provision were "designed to facilitate an early and accurate determination of jurisdiction." *See also March 2021 Report of the Judicial Conference Committee on Rules of Practice and Procedure*, at p. 10, https://www.uscourts.gov/sites/default/files/rules_report_to_jcus_march_2021_0.pdf (last accessed July 31, 2025) (stating the 2022 amendment was created to assist district courts with "facilitating the early determination of whether jurisdiction exists under 28 U.S.C. § 1332(a)."). The committee comments further recognize that

> [a] party suing an LLC may not have all the information it needs to plead the LLC's citizenship. . . . Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship.

Admiral's argument is well-taken. Given the 2022 amendment to Rule 7.1, the court is satisfied Admiral may plead jurisdiction upon information and belief and the court may wait until the defendant LLCs appear to verify diversity jurisdiction exists.[2] Accordingly, the court **WITHDRAWS** its July 16, 2025 order requiring Admiral to amend its complaint. (Doc. 8). Admiral's motion for extension is **DENIED AS MOOT**. (Doc. 10).

**DONE** this 31st day of July, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[2] The court notes, however, that in the event one or both of the defendant LLCs do not appear, it will be unable to verify the parties' citizenship and consequently will not be in a position to consider a default judgment.

3