FILED
2026 Aug-21 PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ADMIRAL INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 2:25-cv-01099-SGC** |
| | ) |
| **601 SKYVIEW, LLC; NISSI MANAGEMENT, LLC; JOHN DAVID WINTON; VANNE POE, and KELLY POE,** | ) |
| | ) |
| **Defendants.** | ) |

## JOINT REPORT OF THE PARTIES' PLANNING MEETING

COME NOW the parties, by and through their respective counsel of record, and report the following pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

1. A conference call was held on August 3, 2026, and attended by the following:

   - Margaret Kubiszyn, counsel for Admiral Insurance Company ("Admiral");
   - Tamera Erskine, counsel for 601 Skyview LLC ("Skyview");
   - Morgan Beckman, counsel for Nissi Management, LLC ("Nissi");
   - Judson Allen, counsel for Vanne Poe and Kelly Poe ("Parents"); and
   - Paul Miller , counsel for John David Winton ("Winton").

2. **Parties' Brief Narrative Statements of the Facts and the Causes of Action:**

A. **Plaintiff Admiral's Brief Narrative Statement:**

This is a declaratory judgment action concerning Admiral's obligations and duties under a commercial liability policy issued to its named insured, Skyview and potential "insureds" Nissi and Winton, for claims asserted against them by Vanne Poe and Kelly Poe in the wrongful death lawsuit styled *Vanne Poe, individually and as parent of Ember Poe, and Kelly Poe, individually and as parent of Ember Poe v. Nissi Management LLC, 601 Skyview LLC, John David Winton, Esurance Property and Casualty Insurance Co.,* Civil Action No. 58-CV-2025-900262, filed on March 20, 2025 in the Circuit Court of Shelby County, Alabama (the "Underlying Lawsuit").

Winton worked as a maintenance man at the Glenn Apartments owned by Skyview and managed by Nissi. On November 5, 2024, Ember Poe was fatally wounded when Winton struck her scooter while driving off the premises of the Glenn Apartments.

The Parents are pursuing several claims against Skyview, Nissi, and Winton, including claims of Negligence/Wantonness, Negligent and/or Wanton Hiring, Training, Supervision and Retention, Respondeat Superior, and Wrongful Death. Skyview and Nissi have tendered defense and indemnity to Admiral. Admiral is currently defending Skyview under a reservation of rights.

It is Admiral's position that coverage for the claims asserted by the Parents are excluded by exclusions and endorsements contained in the Admiral Policy, most notably by endorsement AD 69 13 08 23, the "Limitation of Coverage to Designated Premises" endorsement, along with the "auto" exclusion and the "non-owned auto liability" endorsement.

B. **Defendant 601 Skyview's Brief Narrative Statement:**

Skyview was the owner of The Glenn apartments at all times relevant to this and the underlying action. Skyview contracted with Nissi Management, LLC to rent, operate and manage The Glenn, including to make and supervise repairs and maintenance of the property. The

management contract provides indemnity to Nissi and its agents and employees under certain conditions except for the gross negligence or willful misconduct of Nissi and its agents and employees.

C. **Defendant Nissi's Brief Narrative Statement:**

Nissi Management, LLC is a property management company based in Birmingham, Alabama. At the time of the underlying accident, Nissi Management had a Management Agreement with 601 Skyview, LLC to rent, operate, and manage The Glenn Apartments. Defendant Winton was an independent contractor of Skyview at the time of the underlying accident.

D. **Defendants Vanne Poe and Kelly Poes's Brief Narrative Statement:**

At all times relevant and material, Defendant Winton was employed by Defendant Nissi and/or Defendant Skyview as a Maintenance Technician for the Glenn Apartments in Shelby County, Alabama. Defendant Nissi and/or Defendant Skyview employed Defendant Winton without performing an adequate background check and without properly monitoring, training, and/or supervising Defendant Winton in performance of his duties as a Maintenance Technician, which created a danger for residents of the Glenn Apartments and for anyone within the vicinity thereof as Defendant Winton would be travelling to, from, and across the Glenn Apartments property and/or other properties of the Defendants. The location in which Defendant Winton struck Ember Poe that eventually killed her was tantamount to the ingress and egress of the apartment complex. As part of his compensation for employment, Defendant Winton was allowed to reside at the Glenn Apartments.

Unless Defendant Winton was on vacation out-of-town, he was considered on duty 24 hours a day and seven (7) days a week as Maintenance Technician acting within the line and scope of his duties as agent, employee, and/or servant of Defendant Nissi and/or Defendant Skyview regardless of whether he was located specifically at the Glen Apartments.

Defendant Nissi and/or Defendant Skyview required Defendant Winton to use his 2006 Toyota Tundra (the "Subject Vehicle") as a mobile

office, to run errands, to store materials, and/or to respond to calls for maintenance work at the Glenn Apartments and/or other properties of the Defendants, which he did.

Defendant Nissi and/or Defendant Skyview derived a benefit from (a) Defendant Winton always being on duty and residing on the premises; and (b) requiring Defendant Winton to use the Subject Vehicle for his employment tasks because Defendant Winton was able to respond faster than an employee who was not on-duty 24/7 or was without immediate transportation to store materials and respond to calls.

Upon information and belief, Defendant Winton had a history of drug use and was visibly high on a routine basis, but regardless, Defendant Winton was allowed to reside at the Glenn Apartments and work from there going to and from the apartment complex.

Defendant Nissi and/or Defendant Skyview failed to monitor, train, and/or supervise Defendant Winton in performance of his duties as agent, employee, and/or servant of Defendant Nissi and/or Defendant Skyview, including but not limited to, on November 5, 2024, when at approximately 5:15 p.m., Decedent Ember Poe was riding a scooter on County Road 12 traveling south alongside the Glenn Apartments in a location tantamount to the ingress and egress of the apartment complex. Defendant Winton, while and acting within the line and scope of his duties as agent, employee, and/or servant of Defendant Nissi and/or Defendant Skyview, was traveling south on County Road 12 at approximately 50 MPH in the Toyota Tundra. At all material times, the posted speed limit was 35 MPH. Defendant Winton, while traveling above the posted speed limit, negligently and/or wantonly struck and fatally injured Decedent Ember. Defendant Winton was also under the influence of illegal narcotics at the time of the collision and law enforcement found cocaine and drug paraphernalia in the Subject Vehicle at the scene. Decedent Ember succumbed to her injuries and died on or about November 13, 2024.

3. **Initial Disclosures:** The parties will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **August 17, 2026.**

4. **Discovery Plan:** The parties jointly propose to the Court the following discovery plan:

A. **Scope of Discovery:** Discovery will be needed on the following subjects:

(1) The terms and conditions of the Commercial Lines Policy No. CA000054345-01 issued by Admiral to named insured 601 Skyview for the policy period running from September 1, 2024 through September 1, 2025 (the "Admiral Policy" or the "Policy");

(2) Facts and circumstances surrounding the accident on November 5, 2024;

(3) Facts and circumstances surrounding the status of John David Winton as an employee of either Skyview or Nissi.

(4) All other documents and things otherwise relevant to the parties' claims or defenses.

B. **Commencement and Completion of Discovery:** Discovery may commence following the parties' exchange of initial disclosures. All discovery will be commenced in time to be completed by **May 3, 2027.**

C. **Limitations on Interrogatories:** Maximum of 30 interrogatories by each party to any other party. Responses are due **30 days** after service.

D. **Limitations on Depositions:** Each party will be limited to a maximum of **3 depositions.** Depositions shall be limited to **8 hours** excluding breaks.

E. **Rule 26(a)(2)(B) Expert Reports:** The parties do not presently anticipate the need for expert witnesses. To the extent a party intends to utilize an expert witness(es), Rule 26(a)(2)(B) reports are due:

(1) From Plaintiff by **February 16, 2027.**

(2) From Defendants by **March 16, 2027.**

F. **Rule 26(e) Supplementations:** Any supplemental discovery is due as soon as new information is received, but in any event no later than **45 days** before the end of discovery.

5. **Other Items:**

A. **Scheduling Conference:** The Parties do not request a meeting with the Court before entry of a scheduling order.

B. **Pre-Trial Conference:** The Parties request a Pre-Trial Conference **45 days** prior to the trial date.

C. **Amended Pleadings:** The Parties request until **November 30, 2026** to join additional parties and/or to amend the pleadings without the Court's leave.

D. **Dispositive Motions:** All potentially dispositive motions should be filed no later than **May 14, 2027.**

E. **Statement Regarding Settlement:** Settlement discussions are premature at this time, but the Parties agree to discuss the prospects of settlement as the case progresses.

F. **Pre-Trial Disclosures:** Final lists of witnesses and exhibits under Rule 26(a)(3) should be filed and exchanged between the Parties **42 days** prior to trial. Any objections shall be served **14 days** after service.

G. **Trial:** This action should be ready for trial in **August 2027** and is expected to take **3 days**.

H. **ESI:** To the extent it exists, relevant, non-privileged, electronic information will be produced by the Parties in either PDF or hard copy format, to enable the Parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged, electronic information in a format other than PDF or hardcopy upon agreement by the Parties or a showing of substantial need to the Court for such information in another format. The Parties agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material that will allow the producing party to "claw back" such

inadvertently produced document(s) and will further require that such party produce a privilege log as to any such document.

I. **Electronic Service:** The Parties agree service of any document may be completed by email, but deadlines for responding to documents served via email will be calculated as if such documents had been served by U.S. Mail.

Respectfully submitted this 21st day of August, 2026.

*s/ R. Bruce Barze, Jr.*
R. Bruce Barze, Jr. (ASB-8163-R71R)
Margaret S. Kubiszyn (ASB-3009-N68M)
BARZE TAYLOR NOLES LOWTHER, LLC
2204 Lakeshore Drive, Suite 425
Birmingham, Alabama 35209
(205) 872-1032
bbarze@btnllaw.com
mkubiszyn@btnllaw.com
*Attorneys for Admiral Insurance Company*

*s/ Tamera K. Erskine*
Tamera K. Erskine
WEBSTER, HENRY, BRADWELL,
COHAN, SPEAGLE & DESHAZO, PC
Two Perimeter Park South, Suite 445 East
Birmingham, AL 35243
(205) 518-8973
terskine@websterhenry.com
*Attorney for Defendant 601 Skyview LLC*

*s/ Morgan B. Beckman*
Alex Lafayette Holtsford, Jr.
Morgan Booker Beckman
HOLTSFORD, GILLILAND, HIGGINS,
HITSON & HOWARD, PC
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
aholtsford@hglawpc.com
mbeckman@hglawpc.com
*Attorneys for Defendant Nissi Management, LLC*

*s/ Michael G. Strickland*
Michael G. Strickland
STRICKLAND LAW GROUP, LLC
P.O. Box 99
Montgomery, AL 36101
334-269-3230
mgs@jurytrial.us

Judson B Allen
LAIRD, ROBERTSON & ALLEN, P.C.
P.O. Box 498
Jasper, AL 35502-00498
205-221-5601
JBA@LRAlawyers.com
*Attorneys for Defendants Vanne Poe and Kelly Poe*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2026, I will electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Alex Lafayette Holtsford, Jr.
Morgan Booker Beckman
HOLTSFORD, GILLILAND,
HIGGINS, HITSON & HOWARD, PC
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
aholtsford@hglawpc.com
mbeckman@hglawpc.com
*Attorneys for Defendant Nissi Management, LLC*

Michael G. Strickland
STRICKLAND LAW GROUP, LLC
P.O. Box 99
Montgomery, AL 36101
334-269-3230
mgs@jurytrial.us

Judson B Allen
LAIRD, ROBERTSON & ALLEN, P.C.
P.O. Box 498
Jasper, AL 35502-00498
205-221-5601
JBA@LRAlawyers.com
*Attorneys for Defendants Vanne Poe and Kelly Poe*

Tamera K. Erskine
WEBSTER, HENRY, BRADWELL,
COHAN, SPEAGLE & DESHAZO, PC
Two Perimeter Park South, Ste. 445 East
Birmingham, AL 35243
(205) 518-8973
terskine@websterhenry.com
*Attorney for Defendant 601 Skyview LLC*

Paul A. Miller
MILLER, CHRISTIE & KINNEY, P.C.
500 Office Park Drive, Suite 210
Birmingham, AL 35223
205-326-0000
pmiller@mck-law.com
*Attorney for Defendant John David Winton*

*s/ R. Bruce Barze, Jr.*
Of Counsel